[No. 8432. Department Two. February 4, 1910.]

J. G. CURTIS, *Respondent*, v. A. L. PARKS, *Appellant*.[1]

SALES—BREACH—REMEDIES OF BUYER. Where a seller repudiates the contract of sale and refuses to perform, the vendee may recover damages resulting from part performance and loss of profits without proceeding to full performance upon his part.

PLEADING—COMPLAINT—AMENDMENT—WAIVER OF OBJECTION. An answer on the merits without objection waives an objection at the trial that an amended complaint is a departure and states a different cause of action from the original complaint.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 12, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*H. R. Clise* and *John E. Ryan*, for appellant.

*McBurney & Cummings*, for respondent.

PARKER, J.—This is a suit to recover damages growing out of a contract for the sale of the livery business of the defendant to the plaintiff. The cause was tried by the court without a jury, and the court found the facts in substance as follows: In March, 1909, the livery business of the defendant being heavily indebted, he entered into an agreement for the sale and transfer thereof to the plaintiff, whereby the plaintiff was to discharge $1,250 of such indebtedness, in consideration of which the business was to be transferred to him. Thereupon, in part performance of the agreement of sale, the plaintiff paid and discharged $312.50 of the indebtedness, and was ready, willing, and able to do all things required of him under the terms of the agreement to entitle him to a performance of the contract on the part of the defendant, all of which was known to the defendant, when he repudiated the agreement and refused to make the transfer.

[1] Reported in 106 Pac. 740.

At the time of making the agreement and at all times since then, the business was and is of the value of $1,700. Upon these facts the court concluded that the plaintiff was entitled to recover from the defendant $312.50, the amount of debts discharged by plaintiff, and the additional sum of $250 damages. Judgment was rendered accordingly, and thereupon the defendant appealed to this court.

Error is assigned upon appellant's exception involving the sufficiency of the evidence to support the findings and judgment. A careful review of the evidence convinces us that the findings are fully justified thereby. Under this assignment it is also contended by appellant's counsel, if we understand them correctly, that until the respondent had fully performed his part of the contract he would have no cause of action against the appellant.for damages. We think, however, that when the appellant repudiated the contract and signified his intention not to make the transfer, the respondent was not required to proceed further in the performance of his part of the contract, and he could then successfully maintain his action for damages based upon appellant's refusal to perform.

On May 3d the respondent filed an amended complaint. On May 7th appellant filed his answer thereto, joining issue upon the merits. On May 10th, at the beginning of the trial, appellant objected to the introduction of any evidence by the respondent in support of the allegations of the amended complaint, and moved to strike the amended complaint upon the ground that the same stated an entirely different cause of action from that set forth in the original complaint. This, so far as the record shows, appears to be the first attack made by appellant upon respondent's amended complaint other than by answer upon the merits. It seems clear to us that appellant's objection, coming after voluntarily answering the amended complaint upon the merits, is too late. Such answer waived all objections to the amended complaint of that nature. The amended complaint states a

cause of action, and when appellant answered the same upon the merits without in any other manner attacking it, all such issues as is here attempted to be raised were eliminated.

Other alleged errors are discussed in the briefs, but they do not involve questions which would affect the determination of the rights of the parties upon this appeal whether such questions were resolved in favor of appellant or respondent, therefore they need not be noticed. We are of the opinion that the learned trial court correctly determined the rights of the parties, and its judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.